[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Presently before this Court is Kenneth R. Dulgarian's (Dulgarian) motion for summary judgment pursuant to Rule 56 of R.I. Sup. Ct. R. Civ. Proc. Dulgarian moves this Court to summarily decide that Mandel Sherman (Sherman) is liable on his personal guarantee for principal and interest under a promissory note in the amount of $137,608.68 and for reasonable attorney's fees.
On May 10, 1988, Gano Street Development, Inc. (Gano Street) purchased from Dulgarian a building located at 105 Gano Street in Providence. The building's purchase price was $459,315.90. Gano Street financed the purchase price through a first mortgage with Atrium Financial Service Corporation (Atrium) in the amount of $375,000, and a promissory note in favor of Dulgarian for the remaining $159,315.90. The promissory note was secured by a mortgage against the property and was personally guaranteed by Sherman.
Gano Street subsequently defaulted on the promissory note, and, pursuant to the note provisions, Dulgarian foreclosed on the property. Dulgarian was the successful bidder at the foreclosure sale and purchased the property for $30,000, subject to the $375,000 first mortgage. Dulgarian thereafter sought to recover against Sherman's personal guarantee the balance of principal and interest due under the note.
Prior to the date of the foreclosure sale, Atrium, the first mortgagee, was in state court receivership. A permanent receiver was appointed for Atrium on December 21, 1990. Pursuant to the order appointing a permanent receiver, an automatic stay entered against all parties taking action against Atrium's property.
Sherman contends that summary judgment is inappropriate since the foreclosure sale violated the automatic stay provisions. Sherman next argues that Dulgarian breached an implied covenant of good faith and fair dealing because the $30,000 foreclosure sale purchase price was commercially unreasonable, thereby increasing Sherman's guarantor liability. Sherman further contends that issues of material fact exist relative to both attorney's fees and the amount due under the note.
Summary judgment is a means of curtailing litigation in the early stages where the court finds that no genuine issue of material fact exists. Trend Precious Metals v. Sammartino,577 A.2d 986, 988 (R.I. 1990). The court must recognize that summary judgment is a drastic remedy which should be cautiously applied.Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). When passing on a motion for summary judgment, the court must examine all pleadings, affidavits and other similar matters in the light most favorable to the non-moving party before determining whether a genuine issue of material fact exists. Trend Precious Metals,577 A.2d 986, 988.
Pursuant to the terms of the promissory note, Sherman "absolutely and unconditionally" guaranteed payment of principal and interest whether due at maturity, by acceleration, or otherwise. Both Sherman's guarantee and R.I.G.L. § 6A-3-416
provide that the holder of the note (Dulgarian) may proceed against the guarantor without first proceeding against the note maker or any other party. Sherman's guarantee resulted in personal liability indistinguishable from that of the note maker.
Sherman first argues that he is not liable on the note at this time since Dulgarian foreclosed on the Gano Street property in violation of a stay which was in effect for actions against Atrium, the first mortgagee. Rule 66 of Sup. Ct. R. Civ. P. empowers the Superior Court to appoint a receiver to protect a financially troubled business. An order appointing a permanent receiver empowers the receiver to take certain actions necessary to run the business and may also enjoin all creditor claims and actions against the business.
The stay in the Atrium case operated to prohibit the commencement or prosecution of any action, suit, or foreclosure against Atrium or its property. While this stay would certainly operate to preclude foreclosure actions by Atrium's creditors against property owned by Atrium, it would not preclude a foreclosure action by Dulgarian against property owned by Gano Street. The stay does not affect the creditors of Gano Street merely because Atrium holds a first mortgage on the property. The first mortgage held by Atrium operates only as a secured lien against the property and does not result in a conveyance of ownership.
It is clear that the functional purpose of a mortgage is to provide security for the underlying obligation. PawtucketInstitution for Savings v. Gagnon, 475 A.2d 1028, 1031 (R.I. 1984). Where there are multiple mortgages' on a single piece of property, prior mortgages retain priority over subsequent mortgages. Where there is a foreclosure by a junior mortgagee, the senior mortgage remains on the property and the purchaser takes the property subject to this mortgage. Armand'sEngineering, Inc. v. Town and Country Club, Inc., 113 R.I. 575, [113 R.I. 515] 324 A.2d 334, 338 (1974). Because the senior mortgage has priority over all subsequent mortgages, a foreclosure by a junior mortgagee has no affect on the rights or claims of a senior mortgagee. Id.
The stay in the Atrium case operated to preclude creditor action against its property interests. The foreclosure by Dulgarian, a junior mortgagee of property owned by Gano Street, had absolutely no affect on Atrium's rights or interest in the property. Since the Atrium stay did not operate to preclude Dulgarian's right of foreclosure against Gano Street, and foreclosure of the junior mortgage in no way affected Atrium's superior property interests, Sherman's argument that the foreclosure sale is void must fail.
Sherman next contends that Dulgarian breached an implied covenant of good faith by purchasing the Gano Street property at the foreclosure sale for a commercially unreasonable price of $30,000. It is well established that inadequacy of sales price alone is insufficient to impeach or set aside a foreclosure sale.Wooley v. Tougas, 61 R.I. 434, 1 A.2d 92, 93 (1938). If the disparity between property value and the foreclosure sales price shocks the conscience, the court must consider the disparity along with other attendant circumstances in ascertaining whether the foreclosure sale was so unjust and inequitable so as to justify setting it aside. Cedrone v. Warwick Fed. Sav. and LoanAss'n, 459 A.2d 944, 946 (R.I. 1983).
Sherman contends that the purchase price of $30,000 was commercially unreasonable since the property was worth in excess of $500,000. What Sherman fails to recognize, however, is that the purchase price paid by Dulgarian is $30,000 plus approximately $375,000 for the unsatisfied first mortgage. SeeCedrone, supra, at 946 (explaining purchase price at foreclosure sale where property is subject to prior mortgage). The actual purchase price paid by Dulgarian, therefore, is approximately $400,000.
Sherman originally purchased the Gano Street property in 1988 for approximately $460,000. Even assuming, as Sherman contends, that the property's value has appreciated to $500,000, the disparity between the alleged property value and the purchase price, standing alone, is insufficient to justify setting aside the foreclosure sale. Since Sherman has neither pleaded nor alleged any other attendant circumstances which, coupled with the price disparity, indicate that the sale was unjust, unfair, or inequitable, this Court finds that the foreclosure sale and the purchase price cannot be set aside.
Sherman's third contention is that there exists a genuine issue of material fact with respect to whether his liability as guarantor also requires him to pay Dulgarian's attorney's fees. The terms of the promissory note executed by Gano Street included a provision which entitled Dulgarian to recover reasonable attorney's fees incurred in collecting sums due under the note. Pursuant to the guarantee section of the note, Sherman absolutely and unconditionally guaranteed payment of principal and interest of the note and "accepte[d] all provisions thereof."
To determine whether Sherman is liable for reasonable attorney's fees under his contract of guarantee requires an analysis of the contractual provisions. Clear and unambiguous contractual language controls the relationship of the contracting parties and is assigned its plain and ordinary meaning. Dudzikv. Lessona Corp., 473 A.2d 762, 765 (R.I. 1984). It is clear that the promissory note requires Gano Street to pay reasonable attorney's fees in the event that Dulgarian initiates legal action to collect on the note. It is likewise clear that Sherman, as guarantor, accepted and guaranteed all provisions of the underlying note. Since the provision relating to attorney's fees, as part of the note terms, was absolutely and unconditionally accepted in Sherman's guarantee, it is clear that Sherman is liable to Dulgarian for reasonable attorney's fees incurred in collecting on the guarantee. The fact that Dulgarian has not submitted an affidavit relative to attorney's fees does raise an issue of material fact as to the appropriate amount. The amount of reasonable attorney's fees may be subsequently resolved either by a decision from this Court or by an agreement between the parties.
Sherman's final argument against summary judgment is that there exists a genuine issue of material fact with respect to the amount due under the note. While Sherman correctly argues that there is a discrepancy between the amount due alleged in the complaint and the amount due alleged in the motion for summary judgment, the actual amount due under the note can easily be calculated from the terms of the note itself. The note provides that simple interest will be charged at a rate of eight percent (8%) against the principal debt of $159,315.90. All payments made under the note shall first be applied to accrued interest and then to principal.
Dulgarian contends that the amount due under the note is $137,608.68. Dulgarian's Certified Public Accountant, William Tatewosian, averred that the amount due under the note immediately preceding the foreclosure sale was $167,608.68. Dulgarian reduced this amount by the $30,000 he paid at the foreclosure sale to arrive at $137,608.68. While Tatewosian's calculations account for the payments made by Sherman and Gano Street, they do not properly reflect the terms of the note. Tatewosian calculated interest on $189,000, the total of principal and interest anticipated under the notice, rather than the principal debt of $159,315.90 as required by the note terms.
While the calculations relied upon by Dulgarian may be incorrect, resolution of the amount due under the notice does not raise issues of material fact sufficient to preclude summary judgment. The note terms are explicit with respect to calculating the amount due: simple interest charged against the principal balance of $159,315.90 at a rate of 8%, with payments from the maker first applied to reduce accrued interest and then to reduce principal. If the parties are unable to agree on the proper amount due under the note they shall submit the amount and date of each payment made by Sherman and Gano Street under the note to this Court for calculation of the proper amount due.
The foreclosure sale conducted by Dulgarian as junior mortgagee of the Gano Street property in no way violated the stay which was in effect against Atrium's creditors. There is no evidence which otherwise indicates that the foreclosure sale was unjust, unfair, or inequitable in any way. The contract of guarantee signed by Sherman clearly and unambiguously indicates that he is liable not only for the balance of principal and interest due under the note, but for reasonable attorney's fees as well. Accordingly, Kenneth Dulgarian's motion for summary judgment is hereby granted with respect to Mandel Sherman's personal liability on the promissory note for principal and interest and reasonable attorney's fees. If the parties are unable to agree on either the attorney's fees or the amount due under the note, this Court shall assess the appropriate amount for each after receiving the necessary documents from the parties.
Counsel shall prepare an appropriate judgment reflecting the above disposition.